IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID LEE WOODS, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 16-1561
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff David Lee Woods ("Woods") brings this action pursuant to 42 U.S.C. § 1383(c)(3) for review of the ALJ's decision denying of his claim for supplemental security income (SSI) under Titles XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. Woods alleges a disability beginning on February 1, 2013 based upon both physical and mental impairments. (R. 9) Following a hearing before an ALJ, during which both Woods and a vocational expert ("VE") testified, the ALJ again denied his claims. The ALJ concluded that Woods had the residual functional capacity ("RFC") to perform medium work with several restrictions, including being limited to "unskilled work involving only routine and repetitive instructions and tasks and not requiring any reading, writing, or math as part of the job". (R. 14) Woods appealed. Pending are Cross Motions for Summary Judgment. *See* ECF Docket Nos. [12] and [14]. After careful consideration, the case is remanded for further consideration.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

## Legal Analysis

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as Amore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### 2. Education

The Social Security regulations provide that one of the vocational factors an ALJ uses to assess whether a claimant is capable of performing substantial gainful employment is the claimant's educational level. There are four categories used to analyze a claimant's educational level: (1) illiterate;[2] (2) marginal education;[3] (3) limited education;[4] and (4) high school education and above.[5] *See* 20 C.F.R. § 416.964. Here, the ALJ determined that Woods had "at least a high school education." (R. 21) Woods insists that this conclusion is not supported by substantial evidence of record. Rather, he urges, the record supports a finding that he had a "limited" education or less. According to Woods, the Medical-Vocational Guidelines direct a finding of disability in this instance - an individual with an advanced age, no prior work experience, and a limited or less education.[6]

The record indicates that Woods attended school through the 12th grade. (R. 32) However, the numerical grade level a claimant may have completed in school does not necessarily reflect the claimant' actual educational abilities. 20 C.F.R. § 416.964(b) Indeed, "[e]ven an individual with a high school education can be 'illiterate' under the Commissioner's regulations." *Rankin v. Astrue*, Civ. No. 9-180, 2010 WL 3119942 at * 8

---

[2] "Illiteracy" means "the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. § 416.964(b)(1).

[3] "Marginal education" means "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education." 20 C.F.R. § 416.964(b)(2).

[4] "Limited education" means "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th through the 11th grade level of formal education is a limited education." 20 C.F.R. § 416.964(b)(3).

[5] A "high school education" means "abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled work." 20 C.F.R. § 416.964(b) ((4).

[6] The ALJ concluded that Woods has no past relevant work and is an individual of "advanced age." (R. 21)

4

(W.D. Pa. Aug. 9, 2010) citing, *Diehl v. Barnhart*, 357 F. Supp.2d 804 (E.D. Pa. 2005). *See also, Batts v. Barnhart*, Civ. No. 1-507, 2002 WL 32345745 at * 7 (E.D. Pa. March 29, 2002) (stating that "the amount of formal schooling is not conclusive as to literacy issues inasmuch as a great number of high school graduates are functional illiterates.") Here, Woods testified, and the ALJ acknowledged, that he attended special education classes throughout his school years. (R. 15) Further, he explained that he is a "slow reader," and that, although he can read the paper, he struggled to comprehend what he read. (R. 33-34) He detailed difficulties with subtraction and spelling. (R. 36) Additionally, Dr. Lenny Detore, a consultative psychologist, described Woods as "functionally illiterate." (R. 17, 371-378) Dr. Detore added that, "[c]ognitively, the claimant was unable to multiply any single digit time tables and has never learned them. He was unable to process serial 7's mentally. He was able to add and subtract single digits. His abstract thinking was intact for analogies. His memory was limited for serial digits with four in forward order and three in reverse order. Cognitively, the claimant appears to function with a significant learning disorder with probably functional illiteracy." (R. 377) Dr. Detore's report included as a diagnoses "[r]ule out functional illiteracy." (R. 378) However, it does not appear as though any further testing was done.

      The question before me then is whether this case must be remanded. I find that it must. "[T]he Commissioner is required to support a finding of literacy by reference to the evidentiary record where, as here, the claimant has presented evidence of functional illiteracy." *Rankin v. Astrue*, Civ. No. 9-180, 2010 WL 3119942 at * 8 (W.D. Pa. August 9, 2010), *citing, Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987) and *Jimmerson v. Apfel,* 111 F. Supp.2d 846, 850 (E.D. Tex. 2000). Simply stated, the ALJ has not

5

provided such evidentiary support. Indeed, the ALJ has not attempted to articulate any support for a finding of literacy. The conclusion that Woods has "at least" a high school education, and thus that he is capable of performing semi-skilled or skilled jobs, is internally inconsistent with his finding that Woods is limited to "unskilled work" that does not require reading, writing or math as part of the job. Moreover, it is inconsistent with the evidence set forth above. On remand the ALJ must provide evidentiary support for his conclusion that Woods has at least a high school education and why he is not entitled to a finding of disability under the application of the Medical-Vocational Guidelines Rule 203.10.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID LEE WOODS )
    Plaintiff, )
 )
  -vs- ) Civil Action No. 16-1561
 )
NANCY A. BERRYHILL,[7] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 8th day of February, 2018, it is hereby ORDERED that the decision of the ALJ is vacated and this action is remanded for further consideration. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 12) is GRANTED and Defendant's Motion for Summary Judgment (Docket No. 14) is DENIED.

                            BY THE COURT:

                            /s/ Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.